# In the Matter of the Division Line of Clay, West Cocalico, and Ephrata Townships.

By the Act 15th April 1834, the Quarter Sessions has jurisdiction in reference to townships so far as—1. To erect new ones: 2. To divide any one already existing: 3. To alter the lines of any two or more adjoining ones. These are three distinct functions.

By the Acts of 14th March and 24th April 1857, no township can be divided into two or more, nor can any new township be erected out of two or more, without the concurring vote of the people affected by the change.

But neither of these acts applies to a proceeding to alter the lines of two or more adjoining townships. And a proceeding to annex a small portion of two adjoining townships to another, is one for the alteration of lines, though called one of annexation.

CERTIORARI to the Quarter Sessions of *Lancaster county*.

On the 1st May 1857, the petition of sixteen citizens of Clay and West Cocalico townships was presented to the court below, praying that parts of said townships, embracing about seven hundred acres of land, and containing about fifteen voters, might be annexed to Ephrata township. Commissioners were accordingly appointed, who reported in favour of the proposed annexation.

On the 19th August 1857, the petition of the majority of the legal voters of Clay and West Cocalico townships was presented,

[Division Line of Clay, West Cocalico, and Ephrata Townships.]

praying for a review, under the provisions of the Act 26th April 1854: *Brightly's Purd.* 1058. The court, thereupon, appointed reviewers, who reported against the proposed annexation. But their report, on exceptions filed to it, was set aside by the court below.

The counsel for the contestants then obtained a rule on the petitioners to show cause why the report of viewers should not be submitted, for approval or rejection, to the electors of Clay and West Cocalico townships, at an election to be held for that purpose, according to the provisions of the Act 14th March 1857: *Brightly's Purd.* 1216.

On the 17th April 1858, the court discharged this rule, and subsequently refused an application for a second review, confirmed the original report, and decreed according to the prayer of the petitioners. The contestants, thereupon, removed the same to this court, and here assigned for error that the court below erred in refusing to order an election as directed by the Act of 1857.

*A. H. Hood,* for the contestants.

*Hiester* and *G. W. McElroy,* for the petitioners.

The opinion of the court was delivered by

LOWRIE, C. J.—By the Act of 1834, relating to counties and townships, the Quarter Sessions has authority over townships so as to erect new ones, to divide any one already existing, and to alter the lines of any two or more adjoining ones. These are three distinct functions. The law in relation to two of them is so far changed by the Acts of 14th March and 24th April 1857, *P. L.* 93, 304, that no township can be divided into two or more, and no new township can be erected out of two or more adjoining ones, without the concurring vote of the people affected by the change. But neither of these changes applies to a proceeding to alter the lines of two or more adjoining townships. They do not name such a case, and their provisions do not fit it, and we cannot make them fit. The present case is one of the alteration of lines, though called one of annexation, and it is to be decided by the old law, for the new laws do not relate to it.

> Order affirmed at the costs of the plaintiffs in error, and record remitted.